UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MARK MAURER,

                         Plaintiff,

v.                                                     Case No. _____

MARTEN TRANSPORT, LTD.,

                         Defendant.

---

## COMPLAINT

---

Plaintiff Mark Maurer ("Plaintiff") brings this action on behalf of himself, and all others similarly situated against Marten Transport, Ltd. ("Defendant" or "Marten Transport") based on personal knowledge as to himself, the investigation of his counsel, and on information and belief as to all other matters.

### NATURE OF THE ACTION

1. Marten Transport is a billion-dollar international transportation company with locations in Mexico, Canada, and the United States. Marten is one of the leading temperature-sensitive truckload carriers in the United States, specializing in transporting and distributing food, beverages, and other consumer packaged goods that require a temperature-controlled or insulated environment.

2. Marten Transport has thousands of employees consisting of drivers, mechanics, maintenance, and support personnel.

3. Marten Transport offers all regular employees health coverage by participating in a medical plan it sponsors and administers. As part of this health coverage, Marten Transport penalizes employees who use tobacco products by charging "tobacco surcharges." However,

tobacco surcharges violate the Employee Retirement Income Security Act ("ERISA") and its discrimination provisions by singling out employees and requiring them to pay more each month for health insurance.

4.　ERISA provides robust anti-discrimination provisions that safeguard participants in employer-sponsored health plans. ERISA specifically prohibits employers from charging extra premiums, fees, or surcharges based on health status related factors like tobacco use unless the surcharge is part of a *bona fide* "wellness program."

5.　"Wellness programs" must comply with strict criteria to be permissible. First, the wellness program must be designed to promote health and not for the purpose of generating revenue for the plan. Second, the program must offer a "reasonable alternative" to participants who find it medically difficult or reasonably challenging to meet the required health standard (here, nicotine cessation). A reasonable alternative may include participation in a smoking cessation program. However, where a reasonable alternative is offered, the participant must be able to earn the wellness programs "full reward," which typically means avoiding the tobacco surcharge for the entire plan year. Finally, the employer sponsoring the wellness program has a legal obligation to clearly communicate the existence of the reasonable alternative in "all plan materials."

6.　However, the Marten Transport Health Welfare Benefit Plan (the "Plan") does not provide a compliant reasonable alternative standard because it does not provide employees with the "full reward" for their participation in a smoking cessation program. Indeed, a Plan participant who completed a nicotine cessation program would only be eligible to avoid the surcharge on a future basis and therefore could not earn the "full reward" for participation – i.e.,

avoiding the surcharge for the entire plan year. As a result, Marten Transport's tobacco surcharge violates ERISA's anti-discrimination provisions without providing a *bona fide* wellness program.

7. Plaintiff brings this lawsuit individually and on behalf of all similarly situated Plan participants and beneficiaries, seeking to recover the unlawfully charged tobacco surcharges and to obtain plan-wide equitable relief to prevent Marten Transport from continuing to collect these improper fees in violation of ERISA. Under 29 U.S.C. § 1109, Marten Transport, as a fiduciary of the Plan, has a legal obligation to act in the best interests of its participants and to comply with federal law. Plaintiff also seek appropriate equitable relief under 29 U.S.C. § 1132(a)(3) to address Defendant's ongoing violations of ERISA's anti-discrimination provisions.

## PARTIES

8. Plaintiff Mark Maurer is a resident of Latham, New York who has an intent to remain there, and therefore is a domiciliary of New York. Mr. Maurer was an employee of Marten Transport from July 2007 to December 2024. Mr. Maurer paid the tobacco surcharge in the form of additional premiums associated with health insurance offered through his employer during the applicable limitations period.

9. Plaintiff was a participant in the Plan pursuant to 29 U.S.C. § 1102(7).

10. Marten Transport Ltd. is a Delaware corporation with its principal place of business at 129 Marten Street, Mondovi, Wisconsin 54755. Defendant operates a fleet of thousands of tractors, trailers, dry vans, and refrigerated containers throughout the United States and employs thousands of drivers, mechanics, maintenance, and support personnel.

11. At all relevant times, Defendant sponsored, maintained, and managed the Plan. The Plan is an employee benefit plan subject to the provisions and statutory requirements of ERISA pursuant to 29 U.S.C. § 1003(a).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 as this suit seeks relief under ERISA, a federal statute. The Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

13. This Court has personal jurisdiction over Defendant pursuant to 18 U.S.C. §§ 1965(b) and (d) because Defendant maintains its principal place of business in, and is thus a resident of, this State, maintains minimum contacts with the United States and this State, and intentionally avails itself of the laws of the United States and this State by conducting a substantial amount of business in Wisconsin. Further, 29 U.S.C. § 1132(e)(2) authorizes nationwide service of process.

14. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because this is the District where Defendant administers and sponsors the Plan and where Defendant's unlawful acts occurred.

## FACTUAL ALLEGATIONS

### I. Marten Transport's Tobacco Surcharge Is A Prima Facie Violation Of ERISA's Anti-Discrimination Rule

15. To expand access to affordable health insurance coverage, the Patient Protection and Affordable Care Act ("Affordable Care Act") amended ERISA to prohibit health insurers or medical plans from discriminating against any participant in providing coverage or charging premiums based on a "health status-related factor," including the use of tobacco. Pursuant to this rule, a plan "may not require any individual (as a condition of enrollment or continued

enrollment under the plan) to pay a premium or contribution which is greater than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor in relation to the individual or to an individual enrolled under the plan as a dependent of the individual." 29 U.S.C. § 1182(b)(1); 42 U.S.C. § 300gg-4(b)(1).

16. Marten Transport's tobacco surcharge violates this provision. Plaintiff and others similarly situated were required to pay an additional "premium or contribution" of $15 per week, or approximately $780 per year, based on a "health status-related factor" relating to smoking or tobacco use.

17. Upon information and belief, at all relevant times, any employee or covered dependent who smoked or used tobacco was required to declare themselves to be a tobacco user as part of the Plan enrollment process and were subsequently required to pay the tobacco surcharge to maintain coverage.

18. Payment of the tobacco surcharge was required for Plaintiff and all other similarly situated individuals to remain insured under the Plan. Plaintiff and all other similarly situated individuals have paid the surcharge.

19. Marten Transport is and has been required to make contributions to the Plan to ensure that it remains adequately funded. By collecting the tobacco surcharge, Marten Transport has both taken money for itself that, even if unlawfully collected in violation of 29 U.S.C. § 1182(b)(1), should have been paid into the Plan and reduced the amount of its own contributions but also used those funds to increase its profits.

20. At all relevant times, Marten Transport has maintained sole control of the tobacco surcharge program, including determining which participants are required to pay the surcharge,

withholding participant's funds from their paychecks to pay the surcharge, and determining which employees (if any) can cease paying the surcharge.

## II.     Marten Transport Is Not Entitled To ERISA's Safe Harbor For Wellness Programs

21.     ERISA carves out protections for "programs of health promotion and disease prevention," also known as "wellness programs." 29 U.S.C. § 1182(b)(2)(B); 42 U.S.C. § 300gg-4(b)(2)(B).

22.     To qualify as a lawful wellness program, a plan must fully comply with statutory and regulatory requirements. Those requirements concern (1) the frequency of the opportunity for a participant to qualify for the reward; (2) the size of the reward; (3) reasonable design of the program; (4) uniform availability and reasonable alternative standards; and (5) notice of the availability of a reasonable alternative standard. 29 C.F.R § 2590.702(g). These regulations "set forth criteria for an *affirmative defense* that can be used by plans and issuers in response to a claim that the plan or issuer discriminated under the [] nondiscrimination provisions." *Incentives for Nondiscriminatory Wellness Programs in Group Health Plans*, 78 Fed. Reg. 33158 at 33160 (June 3, 2013) (emphasis added). All of the requirements "must be satisfied in order for the plan or issuer to qualify for an exception to the prohibition on discrimination based on health status." *Id.*

23.     Marten Transport's tobacco surcharge program did not and does not satisfy the requirements that it provide a reasonable alternative standard. As a result, it cannot meet each element of its affirmative defense.

24.     Accordingly, Marten Transport is not entitled to safe harbor protection for operating a compliant wellness program and its assessment of its tobacco surcharge constitutes unlawful discrimination based on a health status-related factor.

**III.     Marten Transport's Tobacco Cessation Program Does Not Comply With ERISA**

25. By law, a tobacco surcharge is an example of an "outcome-based" and "health contingent" wellness program.  78 Fed. Reg. 33158 at 33161 ("An outcome-based wellness program is a type of health-contingent wellness program that requires an individual to attain or maintain a specific health outcome (such as not smoking . . .) in order to obtain a reward."); *see also id.* at 33159 ("Examples of health-contingent wellness programs in the proposed regulations included a program that imposes a premium surcharge based on tobacco use")

26. To be lawful, such a program must provide for "[u]niform availability and reasonable alternative standards." 29 C.F.R. § 2590.702(f)(4)(iv).  "[A] reasonable alternative standard must be provided to all individuals who do not meet the initial standard, to ensure that the program is reasonably designed to improve health and is not a subterfuge for underwriting or reducing benefits based on health status." 78 Fed. Reg. 33158 at 33160. 2

27. A common means by which plan administrators attempt to provide a reasonable alternative standard to a tobacco surcharge is to permit participants to avoid the surcharge by completing a tobacco cessation program.

28. But for such an alternative program to be deemed "reasonable" under the law, "[t]he full reward under the outcome-based wellness program must be available to all similarly situated individuals." 29 C.F.R. § 2590.702(f)(4)(iv).  Thus, a participant who meets the alternative standard must be eligible to avoid the surcharge in its entirety for a given plan year.

29. The applicable regulatory guidelines state that "while an individual may take some time to request, establish, and satisfy a reasonable alternative standard, the same, full reward must be provided to that individual as is provided to individuals who meet the initial standard for that plan year.  (For example, if a calendar year plan offers a health-contingent

wellness program with a premium discount and an individual who qualifies for a reasonable alternative standard satisfies that alternative on April 1, *the plan or issuer must provide the premium discounts for January, February, and March to that individual*.)  Plans and issuers have flexibility to determine how to provide the portion of the reward corresponding to the period before an alternative was satisfied (e.g., payment for the retroactive period or pro rata over the remainder of the year) as long as the method is reasonable and the *individual receives the full amount of the reward*." 78 Fed. Reg. 33158 at 33163 (emphasis added).

30. However, a Marten Transport employee who completed the alternative standard during a given plan year would not be eligible to avoid the entire $780 tobacco surcharge. Instead, he or she could avoid the surcharge on a going-forward basis only and would not be eligible to receive a reimbursement for surcharge payments already made in that plan year. Indeed, Marten Transport has expressly represented to employees that it is only once a participant has "completed the TOBACCO CESSATION program through UMR" that they "will *begin* paying the non-tobacco rate."[1]

31. Because a Plan participant could not receive a retroactive reimbursement to avoid the tobacco surcharge in its entirety, Marten Transport does not permit Plan participants to receive the "full reward" and therefore does not provide for a "reasonable alternative standard." As such, the Plan violates ERISA's anti-discrimination provisions.

## CLASS ACTION ALLEGATIONS

32. **Class Definition**.  Plaintiff seeks to represent a class defined as all individuals residing in the United States who, during the applicable statutes of limitation paid a tobacco

---

[1] https://www.marten.com/transporter/q1-transporter-15/ (emphasis added).

surcharge in connection with their participation in a health or welfare plan offered by Marten Transport (the "Class").

33. Excluded from the Class are governmental entities, Defendant, Defendant's affiliates, parents, subsidiaries, officers, directors, and co-conspirators. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

34. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

35. **Numerosity**. The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

36. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to:

   a. Whether Defendant's tobacco surcharge discriminates and retaliates against participants based on a health status-related factor:

   b. Whether smoking cessation program constitutes a reasonable alternative standard by which a participant could receive the "full reward" of the tobacco surcharge:

  c. Whether Defendant's wellness program violates ERISA and the applicable regulations;

  d. Whether Defendant breached its fiduciary duties by collecting and retaining the tobacco surcharge:

  e. Whether Defendant engaged in prohibited transactions by withholding the tobacco surcharges from participant's paychecks and using those funds to reduce its financial obligations to the Plan; and

  f. Whether Defendant breached its fiduciary duties by failing to periodically review the terms of its wellness program to ensure compliance with ERISA and applicable regulations.

37. **Typicality**. The claims of the named Plaintiff are typical of the claims of other members of the Class in that all members of the Class were injured through the uniform misconduct described above and was charged the unlawful tobacco surcharge.

38. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

39. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this

action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

40. Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiff and Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

## CAUSES OF ACTION

### COUNT I
### Violation of 29 U.S.C. § 1182

41. Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

42. Plaintiff brings this claim individually and on behalf of the members of the Class pursuant to 29 U.S.C. § 1182. Defendant unlawfully imposes a tobacco surcharge on all participants who use tobacco in violation of ERISA § 702. By imposing discriminatory premiums in the amount of $15.00 per week on participants who use tobacco, without complying with the regulatory requirements, Defendant is violating ERISA § 702(b), 29 U.S.C. § 1182(b)(1). This discrimination arises from Defendant's decision not to provide a reasonable alternative standard that ensures participants who satisfy that standard are provided with the full reward, in violation of ERISA and the Final Regulations.

43. ERISA explicitly prohibits group health plans from requiring "any individual (as a condition of enrollment or continued enrollment under the plan) to pay a premium or contribution which is greater than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor." *See* 29 U.S.C. § 1182(b). Defendant's Plan violates this prohibition by failing to provide a reasonable alternative

standard that provides those who satisfy that standard with the "full reward." Accordingly, Defendant's tobacco surcharge program fails to satisfy the regulatory requirements to qualify for the statutory safe-harbor, 29 U.S.C. § 1182(b)(2)(B).

44. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: (A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. *See* 29 U.S.C. § 1182(b). Because Defendant's surcharge program does not satisfy all of the criteria that plans must comply with to qualify as a compliant "program[] of health promotion and disease prevention," Defendant cannot qualify for the statutory safe-harbor and the tobacco surcharge is, therefore, unlawful and discriminatory. Plaintiff and Class Members are entitled to relief under ERISA § 502(a)(3).

45. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks all available and appropriate remedies to redress Defendant's violations of ERISA's anti-discrimination provisions outlined in § 1182(b) and § 300gg-4, including but not limited to injunctive relief, restitution, and any other relief necessary to remedy Defendant's unlawful conduct, as set forth in the Prayer for Relief.

**COUNT II**
**Breach of Fiduciary Duty**
**Violation of ERISA §§ 404 & 406 and 29 U.SC. §§ 1104 and 1106**

46. Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

47. Plaintiff brings this claim individually and on behalf of the members of the Class pursuant to ERISA §§ 404 and 406, and 29 U.S.C. §§ 1104 and 1106.

48.     ERISA requires a fiduciary to act "solely in the interest of participants," to do so with "the care, skill, prudence, and diligence" of a prudent person, "in accordance with the documents and instruments governing the plan," and to refrain from "deal[ing] with the assets of the plan" in the fiduciary's own interest. 29 U.S.C. §§ 1104(a)(1); 1106(b)(1).

49.     Instead of acting in the best interests of Plan participants, Defendant chose to use Plan assets to exclusively benefit itself, to the detriment of the Plan and its participants, by unlawfully withholding millions of dollars in tobacco surcharges from participants' paychecks and using these funds to offset its own obligations to contribute to the Plan. Defendant breached its fiduciary duty by assessing and collecting the tobacco surcharge in violation of the law and in violation of the terms of the Plan, and used those additional funds to reduce its own costs associated with funding the plan, thereby reducing the amount of contributions it was required to make to the Plan. Defendant had a duty to deposit the tobacco surcharge amounts into the Plan as they were collected from Plaintiff and other. Instead, upon information and belief, Defendant used those amounts for its own benefit, earning interest on those funds, and did not deposit the ill-gotten funds into the Plan; rather, it used those funds to profit at the expense of the Plan and its participants.

50.     Each year, Defendant administered the Plan within the meaning of 29 U.S.C. § 1002(16) and was a fiduciary within the meaning of 29 U.S.C. § 1002(21), in that it exercised discretionary authority and discretionary control respecting the management and administration of the Plan and its surcharge programs, including the decision not to offer a reasonable alternative standard. Each year, Defendant exercised discretionary authority with respect to the administration and implementation of the unlawful surcharge program by administering a surcharge program without providing reasonable alternatives that allowed "all similarly situated

individuals" to avoid the surcharge and obtain the full reward of participation in an alternative program.

51.     Defendant failed to adequately and regularly review the terms of its tobacco wellness program to ensure its program complied with ERISA and the regulations. Defendant failed to properly institute safeguards against administering a program that violated the statute and implementing regulations. These actions reflect Defendant's active role in administering a non-compliant "program[] of health promotion and disease prevention," resulting in an unlawful and discriminatory tobacco surcharge in violation of ERISA.

52.     Defendant breached its fiduciary duties by administering a Plan that did not conform with ERISA's anti-discrimination requirements. Defendant acted disloyally by causing Plaintiff and members of the Class to pay tobacco surcharges that were unlawful because they were associated with a non-compliant wellness program.

53.     As a result of the imposition of the unlawful and discriminatory tobacco surcharges, Defendant enriched itself at the expense of the Plan, resulting in it receiving a windfall. Defendant breached its fiduciary duties by prioritizing its own financial interests over the interests of Plan participants by deducting from participants' paychecks the amounts of the surcharges without properly administering an alternative standard. By administering the surcharge program in a manner that precluded "all similarly situated individuals" from obtaining the "full reward," Defendant administered a program that disproportionately benefited itself at the expense of Plan participants. This practice resulted in an unjust enrichment to Defendant at the expense of Plan participants, demonstrating a failure to act solely in the interests of participants and beneficiaries, in violation of ERISA's duty of loyalty under 29 U.S.C. § 1104(a)(1)(A).

54. Further, by withholding unlawful tobacco surcharges from participants' paychecks and using those funds to reduce its own financial obligations to the Plan, Defendant caused the Plan to engage in transactions that constituted a direct or indirect exchange of Plan assets for the benefit of a party in interest—namely, itself—and improperly used Plan assets for its own financial advantage, in violation of 29 U.S.C. § 1106(a)(1). Defendant is a party in interest, as that term is defined under 29 U.S.C. § 1002(14), because it is both a Plan fiduciary and the employer of Plan participants.

55. By retaining the amounts of the tobacco surcharges, Defendant increased its own monies and saved the money it would have had to contribute to the Plan. In doing so, it dealt with Plan assets for its own benefit, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), which prohibits fiduciaries from engaging in self-dealing and using plan assets for their own benefit. By retaining the surcharges without providing participants with the "full reward" to which they are entitled, Defendant improperly benefitted from its own surcharge program at the expense of Plan participants.

56. Defendant breached its fiduciary duties by: administering a wellness program that does not conform with ERISA's anti-discrimination provisions, in violation of ERISA § 404, 29 U.S.C. § 1104(a)(1)(D); acting on behalf of a party whose interests were averse to the interests of the Plan and the interests of its participants (and their beneficiaries), in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(2); and by failing to act prudently and diligently to review the terms of the wellness programs (and the Plan) to ensure it properly complied with the regulatory requirements in violation of 29 U.S.C. § 1104(a)(1)(B). These breaches caused Plaintiff and the Class to incur unlawful and discriminatory surcharges. Had Defendant conformed with its fiduciary duties under ERISA, it would have offered a reasonable alternative standard at least

once each plan year that allowed all similarly situated individuals to obtain the "full reward," and would have reviewed the terms of the Plan and the surcharge program to ensure the program complied with ERISA and the implementing regulations.

57. As a direct and proximate result of these fiduciary breaches, members of the Class lost millions of dollars in the form of unlawful surcharges that were deducted from their paychecks.

58. Plaintiff is authorized to bring this action on a representative basis on behalf of the Plan pursuant to 29 U.S.C. § 1132(a)(2). Pursuant to 29 U.S.C. § 1109, Defendant is liable to: make good to the Plan all losses resulting from its breaches, including but not limited to any and all equitable and remedial relief as is proper, disgorge all unjust enrichment and ill-gotten profits, and to restore to the Plan or a constructive trust all profits acquired through its violations, as alleged herein.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class, respectfully prays for the following relief:

A. An order certifying this action as a class action on behalf of the Class defined above pursuant to Rule 23 of the Federal Rules of Civil, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

B. Declaratory judgment that the unlawful and discriminatory tobacco surcharges imposed on Plan participants violates ERISA's anti-discrimination provisions as set forth in ERISA § 702 and 29 U.S.C. § 1182;

C. An award to Plaintiff and the proposed Class of all damages available at law in an amount to be determined at trial;

D. An award to Plaintiff and the proposed Class of restitution and/or other equitable relief, including, without limitation restitution of all unlawful and discriminatory surcharge payments obtained from Plaintiff and Class members;

E. Declaratory judgment that Defendant breached its fiduciary duties in violation of ERISA § 404 and 29 U.S.C. 1104 for instituting a tobacco surcharge on Plan participants without offering a reasonable alternative standard in violation of ERISA's anti-discrimination provisions;

F. An award of injunctive relief and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including, an order prohibiting Defendant from collecting a tobacco surcharge unless and until it revises the tobacco surcharge to comply with ERISA's statutory requirements;

G. An Order finding that Defendant is liable to make good to the Plan all losses to the Plan resulting from each breach of fiduciary duties, to otherwise restore the plan to the position it would have occupied but for the breaches of fiduciary duty, and grant all other relief authorized by law, including removal and replacement of the fiduciary;

H. An award of pre-judgment interest on any amounts awarded to Plaintiff and the Class pursuant to law;

I. An award of Plaintiff's attorneys' fees, expenses, and/or costs as provided by law; and

J. Any other relief the Court determines is just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

|  | **SMITH KRIVOSHEY, PC** |
|---|---|
| Date: May 15, 2025 | /s/ *Brittany S. Scott* |
|  | Brittany S. Scott |
|  | Smith Krivoshey, PC |
|  | 166 Geary Street, Suite 1500-1507 |
|  | San Francisco, CA 94108 |
|  | Telephone: (415) 839-7077 |
|  | Facsimile: (888) 410-0415 |
|  | E-Mail: Brittany@skclassactions.com |

*Attorneys for Plaintiff*